## McDonald *v.* Sundstrom, Appellant.

*Contract—Evidence—Witnesses—Opinion.*

In an action to recover the price of a quantity of crushed limestone, witnesses were called who showed that they had had actual experience in the use of concrete materials, although they were not familiar with the theory of combination by percentages. They testified as to their actual experience and the result secured by combining crushed stone with cement mixtures to fill voids. *Held,* that the testimony of these witnesses were properly admitted.

Argued March 7, 1906. Appeal, No. 13, March T., 1906, by defendant, from judgment of C. P. Clinton Co., Sept. T., 1902, No. 147, on verdict for plaintiff in case of G. W. A. McDonald, T. W. Runion, John B. and Edward L. Myers, trading as the Mineral Point Limestone Company, v. Charles Sundstrom and Franklin Stratton. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before MAYER, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $660.75. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions.

*J. M. Reilley,* with him *R. B. McCormick,* for appellant.

*C. S. McCormick,* for appellee.

OPINION BY ORLADY, J., June 30, 1906:

The plaintiff was engaged in quarrying limestone and preparing it for trade purposes by running it through a crusher, so as to produce different grades and sizes. The defendants were contractors for a railroad company, and were engaged in building bridges, arches and other improvements of like character, in which they were obliged to use concrete work composed of crushed stone, sand and cement, in proportions which were determined by their contract with the railroad company.

The only controversy in this case is one of fact, and relates to the quantity of crushed limestone delivered by the plaintiff. The original contract was somewhat modified, so as to determine by measurement instead of weight the amount of limestone furnished. Both parties called a number of witnesses to support their respective theories as to how much limestone was contained in the finished work of the contractors, under certain rules that govern the proportion of mixed cement and sand that should be used in order to properly fill the interstices or voids between the stones, so as to make the completed mass a uniform and solid body.

The disputed facts were fully and carefully investigated through the examination of witnesses, and were fairly and clearly submitted to the jury. The second, third and fourth assignments of error relate to the admission of testimony of witnesses who were offered as experts. Each of these was a practical man, who had had actual experience in the use of concrete materials, and while they were not familiar with the theory of combination by percentages, they had made actual demonstrations, which enabled them to testify intelligently as to the result of their work. They were subjected to rigid cross-examination, and their credibility was fairly submitted to the jury. They were not giving their opinion, or suggesting any theory in regard to the controversy, but testified as to their actual experience and the results secured by combining crushed stone with cement mixtures to. fill the voids.

The other assignments of error relate to the charge of the court and the answer to the points. While the evidence includes numerous theoretical discussions, the investigation was narrowed down to the proposition finally submitted by the court, as follows : " Take this case and. dispose of it fairly

under the evidence on both sides—both the testimony on the part of the plaintiff and the testimony on the part of the defendants, and determine how many cubic yards of crushed stone entered into the various structures for which the plaintiff is entitled to be paid." This, we think, was clearly understood by the jury, and the whole case was submitted in a manner which fully protected the defendants. The assignments of error are overruled.

The judgment is affirmed.